United States District Court
Southern District of Texas
FILED

SEP 16 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br><br>v.<br><br>JOEL BENAVIDEZ DIAZ<br>Petitioner.<br>(C.A. No. B-02-131) | §<br>§<br>§<br>§   C.R. NO. B-01-139<br>§<br>§<br>§<br>§ |

**RESPONSE AND MOTION TO DISMISS DIAZ'
MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government", files this Response and Motion to Dismiss Joel Benavidez Diaz' (Diaz)' Motion for Relief under 28 U.S.C. § 2255. In support thereof the government would show the court the following:

I.

**JURISDICTION**

Diaz filed a motion for relief under 28 U.S.C. § 2255 on June 24, 2002 (DOC 103). The judgement of conviction was entered on July 2, 2001 (DOC 42), subsequent to Diaz' conviction for violations of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), conspiracy to possess, with intent to distribute, a quantity exceeding 500 grams of cocaine, a schedule II controlled substance and a quantity exceeding 100 kilograms of marihuana, a schedule I controlled substance; and a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Diaz did not appeal his conviction; accordingly, his conviction became final on July 12, 2001. Diaz' motion is timely and the court is vested with jurisdiction under 28 U.S.C. § 2255.

II.

## GROUNDS FOR RELIEF

In his motion for relief under 28 U.S.C. § 2255, Diaz presents the following ground for relief:

Whether Diaz was denied his right to the effective assistance of counsel at sentencing in light of counsel's failure to object to the adjustment authorized by USSG §2D1.1(b)(1).

III.

## SUMMARY OF FACTS

In February 2000, Diaz negotiated with a confidential informant and an undercover officer for the delivery of two kilograms of cocaine and 200 pounds of marihuana (DOC 27). Some of these negotiations were recorded by videotape. Others were recorded by audiotape. Police surveillance also confirmed these meetings (DOC 27). On February 16, 2000, arrangements were made for Diaz to pick up a van that was provided by law enforcement for the purpose of delivering the narcotics. Diaz drove the van to his house and then to other locations before leaving the vehicle where law enforcement had originally dropped it off (DOC 27). The informant was later told by co-defendant Robert Benavidez that the deal did not happen because of concern for law enforcement (DOC 27).

On February 14, 2001, surveillance was again established on Diaz. On February 15, 2001, Diaz was arrested after his wife consented to a search of their house. During the search the officers discovered and seized approximately 38 pounds of marihuana (DOC 27). Diaz was arrested at his place of business. A gun was found in a money bag on the desk where he was sitting. Inside the bag was a bank receipt in Diaz' name next to the gun (DOC 27). The weapon was a 9 MM Makarov, made outside of the state of Texas. Diaz had a prior felony conviction in 1999 (DOC 27).

On April 4, 2001, Diaz pled guilty to violations of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), conspiracy to possess, with intent to distribute, a quantity exceeding 500 grams of cocaine, a schedule II controlled substance and a quantity exceeding 100 kilograms of marihuana, a schedule I controlled substance; and of 18 U.S.C. § 922(g)(1), felon in possession of a firearm (DOC 26).

Diaz agreed to a plea of guilty pursuant to a written Rule 11(e)(1)(B) plea agreement. Diaz agreed to enter a guilty plea to two counts. In exchange for Diaz's guilty plea, the government agreed to recommend that he receive maximum credit for acceptance of responsibility and that he be sentenced at the low end of the guideline range, and to dismiss the remaining counts at sentencing (DOC 26).

The probation officer recommended a base offense level of 28. Since Diaz possessed a 9 mm pistol at the time of his arrest, the base offense level was adjusted up two levels. Diaz was awarded a three level reduction for acceptance of responsibility. Diaz's total offense level proved to be 27 (PSR ¶ 46). Two felony state convictions and a violation of probation left Diaz with 4 criminal history points, placing him in criminal history category III. Diaz was thus subject to an imprisonment range of 87 to 108 months (PSR ¶ 76). The court sentenced Diaz to an 87-month term of imprisonment (DOC 42).

IV.

MOTION TO DISMISS AND AUTHORITIES

To establish ineffective assistance of counsel in a sentencing context, movant must prove: (1) deficient performance, which requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, *Strickland v. Washington*, 466 U.S. 668 (1984), and (2) prejudice, which demands that but for counsel's

unprofessional errors, the result of the proceeding would probably have been different. 466 U.S. at 694. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." 466 U.S. at 689 (citation omitted). Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. 466 U.S. at 690.

In *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696 (2001), the Supreme Court held that the amount by which a defendant's sentence is increased by a particular decision cannot serve as a bar to a showing of prejudice. *See id.* 121 S.Ct. at 701.

Diaz asserts that he was denied his right to the effective assistance of counsel at sentencing in light of counsel's failure to object at sentencing to the two level increase due to Diaz' possession of a firearm. The record indicates that Diaz' counsel made the objection that the firearm enhancement should not be applied to him (DOC 38). Nevertheless, the court disagreed (DOC 42).

An enhancement of the defendant's sentencing level for the presence of firearms during a drug trafficking crime is reviewed for clear error, and may be supported by "'any relevant evidence that has sufficient indicia of reliability to support its probable accuracy.'" *United States v. Dixon*, 132

F.3d 192, 202 (5th Cir. 1997), *cert. denied*, 523 U.S. 1096, 118 S.Ct. 1581 (1998) (*citing United States v. Buchanan*, 70 F.3d 818, 828 (5th Cir. 1995)).

U.S.S.G. §2D1.1(b)(1) states, "if a dangerous weapon (including a firearm) was possessed, increase by 2 (offense) levels." The firearm enhancement "should be given if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." *United States v. Thomas*, 120 F.3d 564 (5th Cir. 1997), *cert. denied*, 522 U.S. 1061, 118 S.Ct. 721 (1998).

Diaz was charged with being a felon in possession of a firearm. Diaz admitted that he had possession of a 9 mm gun during the re-arraignment before this court on April 4, 2001 (DOC 26). He entered a plea of guilty for possessing a firearm (DOC 26). This court enhanced the defendant's sentencing level by two pursuant to U.S.S.G. §2D1.1(b)(1). Consequently, Diaz has failed to show that his attorney's performance was unreasonable at sentencing.

The government prays that Diaz's motion for relief under 28 U.S.C. § 2255 be denied and that this court enter an order dismissing this action.

        Respectfully submitted,

        MICHAEL T. SHELBY
        United States Attorney

By: *[signature]* Yong J. An by James A. Turner
    YONG J. AN
    Assistant United States Attorney
    TBA 24033612
    Fed. ID No. 29460
    910 Travis, Suite 1500
    P.O. Box 61129
    Houston, Texas 77208
    (713) 567-9506

## CERTIFICATE OF SERVICE

I, Yong J. An, do hereby certify that a copy of the foregoing Response and Motion to Dismiss Diaz' Motion for Relief under 28 U.S.C. § 2255 has been mailed on this day, September 13, 2002, via certified mail, return receipt requested to:

Joel Benavidez Diaz
Reg. No. 94714-079
FCI Bastrop
P. O. Box 1010
Bastrop, TX 78602-1010

Yong J. An by James L. Turner
Yong J. An
Assistant United States Attorney

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent,<br><br>v.<br><br>JOEL BENAVIDEZ DIAZ,<br>    Petitioner.<br>(C.A. No. B-02-131) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.R. NO. B-01-139 |

## ORDER

It is hereby ORDERED that the government's motion to dismiss is granted.

SIGNED this _____ day of _____, 2002, at Brownsville, Texas.

_____
United States District Judge

-7-