IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

SEP 26 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Respondent, § § vs. § § JOEL BENAVIDEZ DIAZ, § § Petitioner/Movant. § § | Civil No.: B-02-131 Criminal No.: B-01-139 |

TRAVERSE TO THE GOVERNMENT'S RESPONSE AND MOTION
TO DISMISS DIAZ' MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Joel Benavidez Diaz, Petitioner in the above-titled and numbered civil action, and files this "Traverse to the Government's Response and Motion to Dismiss Diaz' Motion for Relief Under 28 U.S.C. § 2255.

Petitioner incorporates by reference his motion for relief filed on June 24, 2002.

### ARGUMENT AND AUTHORITIES

As the government indicates, the drugs in the criminal matter were discovered at Petitioner's house after his wife consented to a search of their house. During the search, the officers discovered and seized approximately 38 pounds of marihuana. Officers left Petitioner's home and proceeded to his place of business where he was standing behind the counter

Page 1

talking to two clients. The door burst open suddenly and three or four federal officers entered the place of business with guns drawn. One shouted: "You're under arrest! Step over here!" Petitioner was handcuffed. The two clients were handcuffed and searched. Federal officers then began to search the business place. Upon handcuffing Petitioner, officers asked if there was a weapon in the place of business. Petitioner responded that his wife's pistol was in the moneybag that she used to make nocturnal deposits from the days' sales.

After his arrest, Petitioner's wife presented to his lawyer the receipts and other proof of ownership of the pistol.

Petitioner's lawyer advised him that he had to plead guilty to the charge of felon in possession of a firearm and said that the government would get him, "no-matter-what" for "constructive possession of the firearm."

The Probation Office in calculating the "Offense Level Computations" (Page 10 & 11 of the Presentence Investigative Report-PSIR) applied U.S.S.G. §2D1.1(b)(1). This section deals with the "Unlawful manufacturing, importing, exporting, or trafficking (including possession with intent to commit these offenses); attempt or conspiracy. Section 2D1.1(b)(1) requires that "if a dangerous weapon (including a firearm) was possessed, increase by 2 levels."

In light of Fifth Circuit Court of Appeals jurisprudence to the effect that the enhancement for possession of a firearm is not to be applied without drugs being found with the weapon or evidence presented that the location of the weapon was used

Page2

in connection with drug activities, Diaz was incorrectly sentenced and because effective assistance would have required his lawyer to investigate and be aware of this fact, his constitutional rights were violated.

No drugs were found with the weapon. A search of the place where Diaz conducted his business and where he was arrested revealed not even a minute trace of drug or drug residue. **See, United States v. Cooper,** 274 F.3d, 246 (5th Cir. 2001)

By showing that counsel did not challenge the enhancement from the point of view that no drugs were found with or near the weapon; that the weapon was legally owned by Petitioner's wife; that the weapon was not on his person at the time he was arrested; counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. **See, Strickland v. Washington,** 466 U.S. 668 (1984).

Secondly by not challenging the enhancement was sentenced to 87 months. His sentence would have been between 63 and 78 months. He was therefore prejudiced, fulfilling the second prong of Strickland, supra.

## CONCLUSION

In light of the foregoing, Petitioner respectfully requests that the government's motion be dismissed and prays that the court grant him the relief asked for in his original Motion.

                                        Respectfully submitted,

Dated  9-22-02

                                  Joel Benavidez Diaz
                                  Reg. No.: 94714-079
                                  Bastrop FCI
                                  P.O. Box 1010
                                  Bastrop, TX 78602-1010

## CERTIFICATE OF SERVICE

I, certify that on this day, 22  of September, 2002, a true and correct copy of the foregoing Traverse to the Government's Response and Motion to Dismiss Diaz' Motion for Relief Under 28 U.S.C. §2255, was sent via pre-paid U.S. Mail to:

The United States Attorney,
600 E. Harrison Street # 201
Brownsville, TX 78520-7155

                                  Joel Benavidez Diaz