IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL BENAVIDEZ DIAZ, | § | |
| Movant | § | |
| | § | *o/-* |
| V. | § | Cr. No. B-~~00~~-139 |
| | § | C.A. No. B-02-131 |
| UNITED STATES OF AMERICA, | § | |
| Respondent | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Joel Benavidez Diaz's ("Diaz") motion to vacate sentence pursuant to 28 U.S.C. § 2255. Also before the Court is the government's response and motion to dismiss. For the following reasons, it is recommended that the Court dismiss Diaz's motion.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. FACTS

In February 2000, Diaz was involved in negotiations with an undercover officer to sell the officer two kilograms of cocaine and 200 pounds of marijuana (D.E. 27). The police conducted a consensual search of Diaz's home, during which they found approximately 38 pounds of marijuana (D.E. 27). Diaz was arrested at his place of business on February 15, 2001 (D.E. 27). At the time of arrest, a firearm was found in a bag on the desk at which Diaz was sitting (D.E. 27).

On March 13, 2001, the grand jury indicted Diaz with two counts of possession with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2; one count of conspiring to possess with intent to distribute more than 500 grams of

1

cocaine and more than 1 kilogram of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B); one count of possession with intent to distribute less than 50 kilograms of marijuana, in violation of §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2; and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (D.E. 1). Diaz entered into a plea agreement on April 4, 2001, in which he agreed to plead guilty to one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine and more than 100 kilograms of marijuana and to one count of felon in possession of a firearm (D.E. 27). In exhange for this plea, Diaz was considered eligible for the acceptance of responsibility reduction and the government agreed to recommend a sentence at the low end of the guidelines range (D.E. 27).

Diaz pleaded guilty on April 4, 2001 (D.E. 26). He filed his objections to the Presentence Investigation Report ("PSI") on June 1, 2001 (D.E. 38). On July 2, 2001, the Court adopted the findings in the PSI and sentenced accordingly (D.E. 42). The PSI calculated Diaz's base offense at 28 levels and increased it by two levels for Diaz's possession of a gun, as warranted by § 2D1.1(b)(1). Because Diaz had accepted responsibility for the offense, the Court decreased by three levels, resulting in a total offense level of 27. His criminal history placed him in category three (D.E. 45). Therefore, Diaz's sentencing range, as determined by the guidelines, was between 87 to 108 months (D.E. 45). The Court sentenced Diaz to 87 months imprisonment, to be followed by a five-year and a three-year term of supervised release to run concurrently (D.E. 42). Final judgment was entered July 18, 2001 (D.E. 45). Diaz did not appeal his conviction and sentence.

Diaz filed his present § 2255 motion on June 15, 2002, making it timely under the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2255. Diaz asserts that his sentencing counsel was ineffective for failing to object to the application of U.S.S.G. § 2D1.1(b)(1) to his

sentence. He also asserts that the Court's use of § 2D1.1(b)(1) to calculate his sentence was erroneous.

## III. ANALYSIS

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

### 1. Ineffective Assistance of Counsel

Diaz contends that his trial counsel was ineffective for failing to object to the application of U.S.S.G. § 2D1.1(b)(1). A claim of ineffective assistance of trial counsel is properly brought for the first time in a § 2255 motion to the district court of conviction. See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991) ("In this Circuit the general rule is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal unless it has been first raised before the district court."

An ineffective assistance of counsel claim is reviewed "under the familiar two-prong analysis set forth in Strickland v. Washington." U.S. v. Drones, 218 F.3d 496, 500 (5th Cir. 2000), cert. denied, 531 U.S. 1151, 121 S. Ct. 1095 (2001) (referencing Strickland, 466 U.S. 668, 104 S. Ct.

3

2052 (1984)). To prevail on a claim of ineffective assistance of counsel, Diaz must demonstrate that his counsel's performance was both deficient and prejudicial. This means that Diaz must show both that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. Id.; U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If Diaz fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one").

Diaz says that his counsel failed to object to the Court's application of § 2D1.1(b)(1) to him. Section 2D1.1(b)(1) tells a district court to increase the defendant's base sentencing level by two for a defendant convicted of a crime involving drug trafficking "if a dangerous weapon (including a firearm) was possessed." Diaz argues that his counsel should have objected to the increase for the firearm because there was no evidence linking the gun to the drug trafficking. Diaz points to numerous Fifth Circuit opinions holding that a district court correctly applies § 2D1.1(b)(1) when the government has established a spatial and temporal link between the drug crime, the firearm and the defendant. See, e.g., United States v. Vasquez, 116 F.3d 909, 912 (5th Cir. 1998); United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993), cert.denied, 510 U.S. 890, 114 S. Ct. 246; and United States v. Siebe, 58 F.3d 161, 162 (5th Cir. 1995). In fact, as Diaz points out, the Fifth Circuit has said, "[O]ur research has revealed no cases in which the enhancement was applied without drugs being found with the weapon or evidence presented that the location of the weapon was used in connection with drug trafficking activities." United States v. Cooper, 274 F.3d 230, 246 (5th Cir. 2001).

Diaz's contends that his counsel was ineffective for failing to object to the application of 2D1.1(b)(1). A cursory review of the record, however, flatly refutes this contention. Diaz's counsel filed objections to the PSI on June 1, 2001 (D.E. 38). In this document, counsel writes that Diaz "objects to the probation officer's assessment of 2 points pursuant to section 2D1.1(b)(1) (D.E. 38). Counsel goes on to object to such an application on the ground that Diaz "never possessed any drugs at his business. He never stored any drugs at his business. No drug negotiations were ever made between the confidential informant or the under cover agents at his business" (D.E. 38). Finally, counsel writes, "[t]here is no nexus connecting the 9mm hand gun found in [Diaz's] business with [Diaz's] drug negotiations" (D.E. 38).

The Court expressly overruled these objections to the PSI at sentencing (D.E. 42). With the benefit of hindsight, perhaps it can be said that Diaz's counsel should have cited more authority for his assertion. An assessment of an attorney's performance, though, must be made by examining counsel's conduct at the time of the performance; a Court must do its best to eliminate the distorting effects of hindsight. <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 743 (5th Cir. 2001). As the Fifth Circuit said many years ago, "[e]ffective assistance does not mean that a defendant is entitled to have the best counsel appointed, or any particular counsel, but it does mean that he must have such assistance as will assure him due process of law." <u>Pineda v. Bailey</u>, 340 F.2d 162, 164 (5th Cir. 1965). Diaz now complains that his counsel was ineffective for his failure to object to the application of § 2D1.1(b)(1). As already noted, however, counsel did object to the application of § 2D1.1(b)(1) in a motion filed to the Court before sentencing. Therefore, counsel's performance was certainly not constitutionally ineffective.

**2. Sentencing Court's Application of § 2D1.1(b)(1)**

To the extent that Diaz argues the sentencing court's application of § 2D1.1(b)(1) was erroneous, it is not a cognizable claim in a § 2255 motion. Section 2255 motions are to redress "constitutional errors and other injuries that could not have been raised on direct appeal that will result in a complete miscarriage of justice if left unaddressed." United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Diaz's challenge to the technical application of the guidelines does not fall into either category and is not a claim cognizable under § 2255. Id.; United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Moreover, Diaz could have raised this claim on direct appeal. See Vaughn, 955 F.2d at 368 ("Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.")

## IV. CONCLUSION

For the foregoing reasons, it is recommended that the Court DISMISS Diaz's motion.

A party's failure to file written objections to the proposed findings, conclusion and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United States Automobile Ass'n, 79 F.3d 1415 (5th Cir. 1996).

DONE this 21st day of October, 2002.

FELIX RECIO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL BENAVIDEZ DIAZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-131 |
| | § | CRIMINAL NO. B-00-139 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2002.

_____
Hilda Tagle
United States District Judge