United States District Court
Southern District of Texas
ENTERED
OCT 0 8 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
OCT 0 2 2003
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL BENAVIDEZ DIAZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. B-02-131 |
| | § | CR. NO. B-01-139 |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 21, 2002, Magistrate Judge Felix Recio recommended that this Court deny habeas relief and dismiss the case (Docket Entry No. 8). On November 14, 2002, this Court adopted the Report and Recommendation and entered an order denying habeas relief and dismissing this case (Docket Entry No. 10). Diaz has since filed a Request for Certificate of Appealability (COA) (Docket Entry No. 11). The appeal of this case cannot proceed until this Court rules on the issuance of a COA. For the reasons set out below, Request for a COA should be denied.

A COA may issue only if the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set the standard for evaluating the issuance of a COA as follows:

> Where a district Court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows,

> at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Miller-El, __ U.S. at __, 123 S.Ct. at 1039-40. "The nature of the penalty in a capital case is a proper consideration in determining whether to issue a [COA], but the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate." Washington v. Johnson, 90 F.3d 945, 949 (5th Cir. 1996) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)), cert. denied, 520 U.S. 1122 (1997)).

This Court has considered Diaz' request for a COA. In denying habeas relief, this Court found on the merits that trial counsel's performance was not constitutionally defective. And that his claims that the sentencing court's application of § 2D1.l(b)(1) of the Sentencing Guidelines was erroneous was not a cognizable claim in a § 2255 motion. This Court finds that Diaz has failed to show that "reasonable jurists would find . . . debatable or wrong" this Court's determination as stated above. While Diaz' petition raised important issues deserving careful consideration, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Request for COA should be denied.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. See <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 2d day of October 2003.

_____
Felix Recio
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL BENAVIDEZ DIAZ,<br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. B-02-131<br>CR. NO. B-01-139 |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be adopted.

It is therefore ORDERED, ADJUDGED, and DECREED that the Petitioner's Request for Certificate of Appealability be and is hereby **DENIED**.

DONE at Brownsville, Texas, this _____, day of _____ 2003.


　　　　　　　　　　　　　　　　　　　Hilda G. Tagle
　　　　　　　　　　　　　　　　　　　United States District Judge