IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 1 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOEL BENAVIDEZ DIAZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. B-02-131 |
| | § | CR. NO. B-01-139 |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

On October 21, 2002, Magistrate Judge Felix Recio recommended that the district court deny habeas relief in the above-styled civil cause number (Docket Entry No. 8). On November 14, 2002, the district court adopted this Court's Report and Recommendation and entered an order denying habeas relief and dismissing the case (Docket Entry No. 10). Diaz has since filed a Request for Certificate of Appealability ("COA") (Docket Entry No. 11). The appeal of this case cannot proceed until this Court rules on the issuance of a COA. For the reasons set out below, Petitioner's request for a COA should be denied.

A COA may issue only if the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set the standard for evaluating the issuance of a COA as follows:

> Where a district Court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . .

> the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d 931 (2003).

As the Supreme Court has noted, the COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. *Miller-El*, 537 U.S. at 336, 123 S.Ct. at 1039. In denying habeas relief, this Court found, on the merits, that trial counsel's performance was not constitutionally defective. Furthermore, the Court determined that Diaz's assertion that the sentencing court erroneously applied § 2D1.l(b)(1) of the Sentencing Guidelines did not amount to a claim that is cognizable in a § 2255 motion.

After reviewing the Petitioner's habeas claims –as well as this Court's rulings in regard to said claims– the Court is confident that no reasonable jurist would have any reason to find the Court's determinations to be debatable or wrong. Furthermore, the Court finds that Diaz has failed to show that reasonable jurists would find this Court's assessment of the Petitioner's constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604. Although Diaz' petition raises important issues that are deserving of this Court's careful consideration, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Request for COA should be denied. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

## NOTICE TO PARTIES

2

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 31st day of October 2003.

_____
Felix Recio
UNITED STATES MAGISTRATE JUDGE

3